UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA G. LOPEZ (A-094-297-896),<br>Petitioner,<br>v.<br>MOISES BECERRA, et al.,<br>Respondents. | Case No. 1:26-cv-02408 DAD-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Blanca G. Lopez (A-094-297-896), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that her detention without a warrant violated the Fourth Amendment, her detention violates her due process rights under the Fifth Amendment, and her detention is unlawful civil detention. (Id. (claims one through three).) On April 8, 2026, the district court granted petitioner's motion for a preliminary injunction and ordered petitioner released. (ECF No. 11.) For the following reasons, this Court recommends that the petition be granted.

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004)

(citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II. DISCUSSION[1]

On March 30, 2026, petitioner filed a habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 3.) On March 30, 2026, the district court directed respondents to file a response to the motion and substantively address whether there are any factual or legal issues in this case that render it distinct from the district court's prior order in Ayala Cajina v. Wofford, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and other similar decided by the district court. (ECF No. 6.) On April 1, 2026, respondents filed a response to the petition and opposition to the motion for a temporary restraining order, and indicated they were amenable to converting the motion into a motion for a preliminary injunction. (ECF No. 9.) In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b)(2), and that this case is distinguishable from Ayala Cajina because here, the petitioner was not on supervision when she was re-detained by ICE and has extensive criminal history, unlike the petitioner was in Ayala Cajina. (ECF No. 9 at 2.) On April 3, 2026, petitioner filed her reply in support of the petition and motion. (ECF No. 10.)

On April 8, 2026, the district court converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction, ordering petitioner's immediate release. (ECF No. 11.) The district court made the following findings:

---

[1] The factual and procedural background previously presented in the district judge's order is incorporated herein. (See ECF No. 11.)

> The court finds analogous and persuasive, and incorporates herein, its reasoning set forth in Quichimbo-Jimenez v. Warden, California City Correctional Center, [No.] 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), and concludes that petitioner is likely to succeed on the claim that her detention is unlawful because she cannot be detained pursuant to 8 U.S.C. § 1225(b) but only pursuant to 8 U.S.C. § 1226(a). Moreover, the court incorporates its reasoning set forth in Cardenas v. Chestnut, et al., No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and J.P.C. v. Chestnut, et al., [No.] 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy under the circumstances of this case is to order petitioner's immediate release in order to maintain the status quo ante where respondents have failed to identify any lawful authority for petitioner's detention.

(ECF No. 11.) In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents from "re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)." (Id.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.) Where the parties previously submitted briefs on the merits, briefing is closed. (See Docket; see also ECF No. 9 at 1-2.)

After the petition was fully briefed, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. Therefore, respondents' argument that petitioner is an "applicant for admission" subject to § 1225(b)(2) fails.

Given Rodriguez Vazquez and where the record before the district court has not changed since the district court's ruling on the motion for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner was subject to § 1226(a), not § 1225(b)(2) as respondents argued. See Rodriguez Vazquez, 183 F.4th 1160; ECF No. 11. Because the resolution of claim three provides the relief requested, the Court need not reach the remaining claims (claims one and two). See N.K. v. Noem, No. 1:26-cv-0292 KES

SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025).

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Blanca G. Lopez (A-094-297-896) unless the government provides petitioner with a pre-deprivation hearing before an immigration judge/ neutral decisionmaker pursuant to 8 U.S.C. § 1226(a). Petitioner shall be allowed to have her counsel present at any such hearing. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/lope.2408.26.frs